**Ernest C. ROBINSON, Petitioner,**

v.

**James MABRY, Commissioner, Arkansas Department of Correction, Respondent.**

No. PB–C–79–63.

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

Sept. 26, 1979.

Ernest C. Robinson, pro se.

Darrell F. Brown, Asst. Atty. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM

ROY, District Judge.

This Court has received a petition for writ of habeas corpus from Ernest Robinson, alleging that the action of the Arkansas Board of Pardons and Paroles in denying him parole is violative of his Due Process rights.

 The United States Supreme Court in *Greenholtz v. Nebraska,* —— U.S. ——, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), examined due process rights of inmates in the context of parole release. The Court distinguished this situation from that of parole revocation in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and stated that the mere possibility of parole, without more, provides no more than a hope that the benefit will be obtained and does not create an entitlement to due process. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Nebraska, supra.*

Although the Court did find that the Nebraska statute itself created some due process rights in the parole release situation, it expressly recognized the unique structure and language of the Nebraska statute involved, and stated that whether any other state statute provides a protectable entitlement must be decided on a case-by-case basis.

An examination of the Arkansas statutes reveals that, while the possibility of parole is established, there is nothing further established than a mere possibility. Ark.Stat.Ann. § 43–2808 provides:

> . . . The Parole Board may release on parole any individual eligible . . . when in its opinion there is reasonable probability the prisoner can be released without detriment to the community or himself. . . .

Nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection.

Therefore, this petition will be dismissed with prejudice, and the relief prayed for will be denied.